UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

| | | | |
|---|---|---|---|
| Case Title : | Celia Saldana | Case No : | 11-29737 - A - 7 |
| | | Date : | 12/15/11 |
| | | Time : | 10:00 |

| | | |
|---|---|---|
| Matter : | [32] - Motion/Application to Reopen Chapter 7 Bankruptcy Case Filed by Debtor Celia Saldana Update Deadline; Follow Up 12/19/2011. (Fee Paid $260) (shbs) | UNOPPOSED |

Judge :             Michael S. McManus
Courtroom Deputy :  Sarah Head
Reporter :          Diamond Reporters
Department :        A

APPEARANCES for :
**Movant(s) :**
        Debtor - Celia Saldana (with interpreter)
**Respondent(s) :**
None

MOTION was :
Granted in part
See final ruling below.

The court will issue a minute order.

Final Ruling: The motion will be granted in part.

The debtor asks the court to reopen the case to give the debtor the opportunity to file an Adversary Complaint against Bank of America for failure to modify her existing home loan to meet the existing property value as the discharged order cited."

The court may reopen a case to "accord relief to the debtor." 11 U.S.C. § 350(b). Motions for the reopening of cases should be "routinely granted because the case is necessarily reopened to consider the underlying request for relief." In re Dodge, 138 B.R. 602, 605 (Bankr. E.D. Cal. 1992) (citing In re Corgiat, 123 B.R. 388, 392, 393 (Bankr. E.D. Cal. 1991)).

The motion to reopen will be granted so the court can consider the debtor's request for leave to file the loan modification claims against Bank of America.

Bankruptcy jurisdiction extends to four types of title 11 matters, any or all cases "under title 11," any or all proceedings "arising under title 11," any or all proceedings "arising in a case under title 11," and any or all proceedings "related to a case under title 11." See Stoe v. Flaherty, 436 F.3d 209, 216 (3rd Cir. 2006).

This case was filed on April 20, 2011 and the trustee filed a report of no distribution on May 27, 2011. The debtor received her discharge on August 1, 2011. Hence, the debtor's bankruptcy case is over and the claims the debtor is seeking to prosecute against Bank of America:

(1) are not property of the estate and were not property of the debtor as of the petition date because they appear to have arisen post-petition, even post-discharge perhaps, as the claims are not scheduled or otherwise disclosed in the debtor's petition documents; or

(2) if the claims arose pre-petition, the debtor does not have standing to prosecute the claims because

they were not abandoned under 11 U.S.C. § 554(c) as they were not scheduled.

In other words, the court is unable to accord relief to the debtor because either it does not have subject matter jurisdiction over the administration of the claims, given the post−petition nature of the claims, or the debtor does not have standing to prosecute the claims, given the failure to schedule them. Accordingly, leave to file the complaint against Bank of America will be denied.

Case 11-29737    Filed 12/19/11    Doc 37